UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Banetta Jackson, individually and on behalf of all
persons similarly situated,

                                                         **COMPLAINT**

                      Plaintiff,

          -against-                           **JURY TRIAL DEMANDED**

Avalanche Care, Inc., Karl Pierre, Guy Dorvilus, and
Jorge Espinal,

                              Defendants.
------------------------------------------------------------------X

## NATURE OF ACTION

1. Plaintiff on behalf of herself and all persons similarly situated (collectively as the "FLSA Class") and (the "New York Class"), brings this action to recover unpaid wages, unpaid minimum wage, unpaid overtime, liquidated damages, reasonable attorney fees and costs from the Defendants, for whom the Plaintiff, the FLSA Class and New York Class performed work.

2. Plaintiff, the FLSA Class and New York Class are home health aides who were employed in the Defendants' business (the "Corporate Defendant"). For a time prior to filing this Complaint, the Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to keep accurate time records, failing to pay the Plaintiff, the FLSA Class and New York Class the rate of one-and-one-half times their regular rate of pay for hours worked in excess of 40 hours in a workweek, and failing to pay for all hours worked.

3. Plaintiff, the FLSA Class and New York Class were victims of the Defendants' unlawful non-payment of overtime and wages. The Defendants who are statutory employers, exercised control over the working conditions of the Plaintiff, the FLSA Class and New York Class. Each workday, the Plaintiff, the FLSA Class and New York Class would not have all hours accounted for, and would not be paid for the time they spent sleeping at the home of the patient for whom they were caring for, even though the Defendants restricted the Plaintiff, the FLSA Class and New York Class members from engaging in any personal activities during the time the Plaintiff, the FLSA Class and New York Class members were supposed to be "off the clock". During such sleep hours that were considered off the clock hours, the Plaintiff, the FLSA Class and New York Class members were still required to care for their patients when the need arose.

4. In addition, Plaintiff, the FLSA Class and New York Class were not properly compensated for all the time that was accounted for by not receiving a proper overtime premium for overtime hours worked and the Corporate Defendant engaging in a practice of categorizing overtime hours as regular work hours.

5. Plaintiff, the FLSA Class and New York Class were also not provided with proper wage notices that informed them of their rate of pay and their rate of overtime, nor with an extra hour of pay at the rate required under the NYLL as and for a "Spread of hours" premium

for working more than 10 hours in a workday. The Plaintiff, the FLSA Class and New York Class are required to work 14 hour workdays each day they are scheduled to work.

## JURISDICTION AND VENUE

6. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

7. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

8. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Eastern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

10. Plaintiff Banetta Jackson ("Banetta" or "Plaintiff") resides in Queens, New York.

11. Upon information and belief, Defendant Avalanche Care, Inc. ("Corporate Defendant") is a corporation formed in the State of New York and is located at 220-05 Jamaica Ave., Queens Village, New York.

12. Upon information and belief, Defendant Karl Pierre ("Karl") is the Chief Operating Officer of Corporate Defendant with his principal place of business located at Corporate Defendant, and is domiciled in the State of New York.

13. Upon information and belief, Defendant Guy Dorvilus ("Guy") is the Chief Financial Officer of Corporate Defendant with his principal place of business located at Corporate Defendant, and is domiciled in the State of New York.

14. Upon information and belief, Defendant Jorge Espinal ("Jorge") is the Human Resource Coordinator of Corporate Defendant with his principal place of business located at Corporate Defendant, and is domiciled in the State of New York.

## BACKGROUND FACTS

15. Corporate Defendant is an "employer" under the FLSA.

16. Corporate Defendant is an "employer" under the NYLL.

17. Corporate Defendant is a is a New York State Licensed Home Health Care Services Agency (LHHCSA) providing personal care and skilled services throughout the five boroughs of NYC including the following Counties: Nassau, Suffolk, Westchester, Putnam, & Rockland.[1]

18. Corporate Defendant continues to employ employees who are similarly situated to Plaintiff.

19. Upon information and belief, Corporate Defendant is owned, in whole or in part, by Karl.

---

[1] http://avalanchecare.com

2

20. Upon information and belief, Corporate Defendant is owned, in whole or in part, by Guy.

21. During any period of time whatsoever between the 2011 calendar year through the 2017 calendar year, Corporate Defendant had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

22. During any period of time whatsoever between the 2011 calendar year through the 2017 calendar year, Defendant Karl had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

23. During any period of time whatsoever between the 2011 calendar year through the 2017 calendar year, Defendant Guy had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

24. During any period of time whatsoever between the 2011 calendar year through the 2017 calendar year, Defendant Jorge had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

25. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

26. Corporate Defendant's annual revenues exceed $500,000 for the year 2017.

27. Corporate Defendant's annual revenues exceed $500,000 for the year 2016.

28. Corporate Defendant's annual revenues exceed $500,000 for the year 2015.

29. Corporate Defendant employs at least two employees who regularly engage in interstate commerce.

30. On information and belief, Corporate Defendant employs an individual that regularly and customarily uses the interstate telecommunications network to process credit card transactions with firms outside the state of New York.

31. On information and belief, Corporate Defendant purchases goods from locations manufactured outside the State of New York and utilizes such products within the State of New York.

32. The business activities of the Corporate Defendant are related and performed through unified operation or common control for a common business purpose and constitutes an

    enterprise within the meaning of the FLSA.

33. The Corporate Defendant engages in a combination of different activities in the course of its business operation, including but not limited to: (1) Data entry, (2) advertising, (3) bookkeeping, (4) managing employees, (5) marketing and selling, and (6) providing home health care services to customers. (the "Related Activities").

34. The Corporate Defendant has an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

35. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

36. Corporate Defendant did not use a punch card time keeping system between September 1, 2011 and September 1, 2017 to record Plaintiff's work hours.

37. Corporate Defendant did not use a handwritten time keeping system between September 1, 2011 and September 1, 2017 to record Plaintiff's work hours.

38. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff and FLSA Class.

**Class Definition**

39. Plaintiff brings each Cause of Action of this lawsuit under the FLSA 29 U.S.C §216(b), as a collective action on behalf of the following class of potential opt-in litigants:

    **All current and former home health care employees employed by Avalanche Care, Inc. ("Corporate Defendant") who performed work in New York in any workweek in the past three years ("FLSA Class").**

40. Plaintiff reserves the right to redefine the FLSA Class prior to class certification and thereafter, as necessary.

41. Plaintiff brings each Cause of Action of this lawsuit under the Fed. R. Civ. P. 23, as a class action on behalf of the following class litigants:

    **All current and former home health care employees employed by Avalanche Care, Inc. ("Corporate Defendant") who performed work in New York in any workweek in the past six years (the "New York Class").**

42. Plaintiff reserves the right to redefine the FLSA Class prior to class certification and thereafter, as necessary.

**PLAINTIFF BANETTA JACKSON:**

43. Plaintiff started working for Corporate Defendant in or around June 2015.

44. Plaintiff performed work for Corporate Defendant during the 2017 calendar year.

45. Plaintiff performed work for Corporate Defendant during the 2016 calendar year.

46. Plaintiff performed work for Corporate Defendant during the 2015 calendar year.

47. Plaintiff is currently employed by Corporate Defendant.

48. Corporate Defendant has only employed Plaintiff to work as a home health aide.

49. Corporate Defendant has always paid Plaintiff by the hour.

50. Corporate Defendant has always paid Plaintiff via check.

51. As a home health aide, Plaintiff helps sick and/or infirm individuals by assisting them with their day to day activities.

52. During each work week, Corporate Defendant requires Plaintiff to live in the home of the individuals for whom she cares for a certain number of days.

53. Plaintiff is regularly scheduled to work 24-hour workdays multiple days in the workweek.

54. When scheduled to work a 24-hour day, 14 hours is attributed as "on the clock" work time.

55. When scheduled to work a 24-hour work day, 10 hours is considered "off the clock" work time.

56. When Plaintiff is "off the clock" Corporate Defendant requires that she stay in the household of her charge and continue to give care for her charge.

57. Plaintiff is required to sleep at the home of her charge during her scheduled 24-hour workdays.

58. Plaintiff is regularly required to care for her charge during her "off the clock" work hours.

59. Plaintiff is not compensated for these "off the clock" work hours.

60. Corporate Defendant did not count these "off the clock" work hours toward weekly overtime.

61. In addition to not being paid for the "off the clock" work time, Plaintiff was also not compensated for all "on the clock" hours worked.

62. Plaintiff regularly worked more than 40 hours in a workweek while employed by Corporate Defendant.

63. On scheduled workdays, Plaintiff worked more than 10 hours in a single day for Corporate Defendant.

64. Corporate Defendant did not pay Plaintiff one additional hour of pay at the basic minimum hourly wage rate on days in which Plaintiff worked in excess of 10 hours.

65. Corporate Defendant regularly did not pay Plaintiff an overtime premium for all hours worked over 40 in a workweek.

66. Corporate Defendant was aware that Plaintiff worked more than 40 hours during certain workweeks.

5

67. Corporate Defendant required that Plaintiff work more than 40 hours during certain workweeks.

68. During any period of time whatsoever, Plaintiff never had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

**Collective Action Allegations**

69. Plaintiff brings this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

70. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

71. Plaintiff and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals worked as home health care workers under Corporate Defendant's previously described common pay practices applied to the Plaintiff and, because of such practices, were not paid the full and legally-mandated overtime premium for hours worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia, Corporate Defendant's common compensation, timekeeping and payroll practices.

72. Specifically, Corporate Defendant typically paid Plaintiff and the FLSA Class by not paying for not paying employees for all time the employees spent caring for their clients, not paying for all on the clock work hours, not paying a spread of hours premium, not providing statutory wage notices, and not maintaining proper record of employee work hours.

73. The Similarly-Situated employees are known to Corporate Defendant, are readily identifiable, and may be located through Corporate Defendant's records and the records of any payroll company that Corporate Defendant uses. Corporate Defendant employs FLSA Class Members through the State of New York. These similarly-situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

**Class Action Allegations**

74. Plaintiff brings this action as a class action under Fed. R. Civ. P. 23 on behalf of herself and the New York Class defined above.

75. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

76. Plaintiff will fairly and adequately represent and protect the interests of theNew York Class because there is no conflict between the claims of Plaintiff and those of the New York Class, and Plaintiff's claims are typical of the claims of the New York Class.

    Plaintiff's counsel is competent and experienced in representing multi-plaintiff wage and hour claims such as this one.

77. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Corporate Defendant has violated and continues to violate the the laws of New York through its policy or practice of not paying its employees for all hours worked, at applicable minimum wages and providing proper and adequate wage notices.

78. Plaintiff's claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiff is a member of the New York Class, (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class, (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances, (d) there are no conflicts between the interests of Plaintiff and the New York Class members; and (e) the injuries suffered by the Plaintiff is similar to the injuries suffered by the New York Class members.

79. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

80. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from Corporate Defendant's own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Corporate Defendant.

81. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class and Public Contract members, while substantial, are not great enough to enable them to maintain separate suits against Corporate Defendant. Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

    Without a class action, Corporate Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New York Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## **FIRST CAUSE OF ACTION**
### **(Failure to pay overtime)**
### **(Federal)**
### **(on Behalf of the FLSA Class & New York Class)**

82. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

83. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff, FLSA Class and New York Class.

84. Defendants failed to pay Plaintiff, FLSA Class and New York Class overtime wages to which they are entitled under the FLSA and the supporting Federal Regulations.

85. Because of Defendants' unlawful acts, Plaintiff, FLSA Class and New York Class have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

86. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff, the FLSA Class and the New York Class.

87. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### (Failure to pay overtime)
### (NY STATE)
### (On behalf of the FLSA Class & New York Class)

88. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

89. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiff, FLSA Class and New York Class.

90. Defendants failed to pay Plaintiff, FLSA Class and New York Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

91. By Defendants' knowing or intentional failure to pay Plaintiff, FLSA Class and New York Class overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

92. Due to Defendants' violations of the NYLL, Plaintiff, the FLSA Class and the New York Class are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## THIRD CAUSE OF ACTION
### (Failure to pay wages)
### NY Lab. Law §191
### (On behalf of the FLSA Class & New York Class)

93. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

94. Under NYLL §191, an employer is required to pay an employee within one week of the services performed by the employee.

95. Defendants failed to pay Plaintiff, FLSA Class and New York Class their wages as required by NYLL §191 by not paying wages within the statutory time-period.

96. On information and belief, Defendants engaged in an ongoing practice of failing to remit to Plaintiff, the FLSA Class and the New York Class all tips that were earned.

97. Because of Defendants' unlawful withholding of wages, Plaintiff, the FLSA Class and the New York Class suffered harm.

### FOURTH CAUSE OF ACTION
### (Failure to provide wage notices)
### (NY STATE)
### (On behalf of the FLSA Class & New York Class)

98. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

99. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff, FLSA Class and New York Class with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

100. Defendants willfully failed to furnish Plaintiff, FLSA Class and New York Class with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

101. Due to Defendants' violation of NYLL §195(1), Plaintiff, FLSA Class and New York

    Class are entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

102. Defendants failed to provide Plaintiff, FLSA Class and New York Class with a with each payment of wages that set forth Plaintiff, the FLSA Class and New York Class' hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

103. Due to Defendants' violation of NYLL §195(3), Plaintiff, the FLSA Class and the New York Class are entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief:

A. An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B. Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C. An Order permitting this litigation to proceed as a class action lawsuit pursuant to Fed. R. Civ. P. 23.

D. Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

E. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

F. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

G. Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL.

H. Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

I. Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

J. Pre-judgment interest and post-judgment interest;

   K.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

   L.  An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

   M.  Reasonable attorney fees and costs of the action;

   N.  Pre-judgment interest and post judgment interest;

   O.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

  Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: White Plains, New York
    October 24, 2017

                  EL-HAG & ASSOCIATES, P.C

                  */s/ Jordan El-Hag*
                  _____

                  Jordan El-Hag, Esq.
                  777 Westchester Ave, Suite 101
                  White Plains, N.Y, 10604
                  (914) 755-1579 (p)
                  (914) 206-4176 (f)
                  Jordan@elhaglaw.com
                  www.elhaglaw.com