# El Hag & Associates

777 Westchester Ave, Suite 101
White Plains, New York 10604
(O) (914) 218-6190
(F) (914) 206-4176
www.ElHaglaw.com
Jordan@Elhaglaw.com

*The Firm that Fights for Workers' Rights!*

October 19, 2018

**Via ECF**
Hon. Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: *Request for approval of FLSA Settlement Agreement.*
       *Jackson v. Avalanche Home Health Care Services Inc.et. al. 17-cv-6217(SMG).*

Dear Judge Gold:

  Our office represents the three named plaintiffs in the above referenced matter. I write jointly with counsel for the Defendants to advise the Court that two of these plaintiffs, Natlee Hamilton and Juliet Jones (the "Plaintiffs"), and the Defendants recently entered into a Negotiated Settlement Agreement ("Agreement") which includes a release of the Plaintiffs' Fair Labor Standards Act ("FLSA") claims. This Agreement replaces the parties' prior proposed settlement agreement submitted to the Court on September 21, 2018.

  The third plaintiff, Banetta Jackson, is not settling her claims at this time. As such, we write with the consent of counsel for the Defendants to jointly request that the Court approve the parties' proposed Agreement. We are submitting the fully executed Agreement together with a proposed order of voluntary dismissal with prejudice for the two settling Plaintiffs, not for the third plaintiff Banetta Jackson. If the Court finds that the agreement is fair and reasonable, we ask that the Court "So Order" the proposed order of voluntary dismissal with prejudice.

  The terms of the Agreement – attached hereto as Exhibit "A" – provide that in exchange for a release from Plaintiffs of any and all claims under the FLSA, Plaintiffs will receive a total gross sum of Fourteen Thousand Dollars ($14,000.00) (the "Settlement Amount"), inclusive of attorney's fees and costs.[1]

---

[1] Plaintiffs also assert claims in this action for alleged violations of various provisions of the New York Labor Law ("NYLL"). The parties are resolving Plaintiffs' state law claims by separate, private agreement that does not require court approval. Courts have regularly approved of the practice of such "bifurcated settlement agreements" in the context of FLSA/NYLL settlements. *See Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, 2016 WL 1465360 (E.D.N.Y. Apr. 14, 2016) (Spatt, J.); *see also Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. April 28, 2017) (Pitman, J).

1

The Agreement, which complies with *Cheeks v. Freeport Pancake House, Inc.,* No. 14-cv-299 (2d Cir. 2015) ("Cheeks"), reflects a compromise between the Plaintiffs and Defendants. The Settlement Amount is being allocated as follows: (1) $9,000.00 payable to Juliet Jones; (2) $2,000.00 payable to Natlee Hamilton; and (3) $3,000.00 to El-Hag & Associates, P.C for legal fees (no expenses).

The reasons that this Agreement complies with Cheeks and should be approved by the Court are as follows:

1. **Class/ Collective Status**. This settlement is not a class/collective settlement. It is limited to two of the three named plaintiffs. Therefore, there is no class representative premium computed in this action.

2. **Computation of Plaintiffs' Potential Recovery.** After performing a detailed analysis of the Defendants' time and pay records, Plaintiffs identified FLSA damages of $4,308.08 (comprised of $2,154.04 in wages and $2,154.04 in liquidated damages) for Hamilton and $19,799.66 (comprised of $9,899.83 in wages and $9,899.83 in liquidated damages) for Jones. Plaintiffs' damages calculations are attached hereto as Exhibit "B."

    Although the Defendants dispute the accuracy of the Plaintiffs' damages calculations, for purposes of settlement the parties agreed to resolve the Plaintiffs' FLSA claims for the Settlement Amount of $14,000.00. Under the Agreement, plaintiff Juliet Jones shall receive an individual recovery of $9,000.00, which constitutes approximately 91% of the total wages allegedly owed to her pursuant to Plaintiffs' damages calculations (and approximately 45% of the total wages and liquidated damages allegedly owed to her pursuant to Plaintiffs' calculations). Likewise, plaintiff Natlee Hamilton's individual recovery of $2,000.00 represents approximately 93% of the total wages allegedly owed to her pursuant to Plaintiffs' damages calculations (and approximately 46% of the total wage and liquidated damages allegedly owed to her pursuant to Plaintiffs' calculations).

3. **Attorney fees are fair and reasonable.**[2] Plaintiffs' counsel is receiving $3,000.00 in legal fees and no costs under the Agreement, which constitutes only 21.4% of the total recovery.

    I have attached a copy of my billing records as Exhibit "C" hereto. I use a law practice management software called Clio. With this program I am able to create contemporaneous billing records that are logged into the program. I can then autogenerate a detailed bill of the hours and expenses I have expended on any one of my cases. This is the program I used to generate my time records here.

---

[2] While Defendants' counsel joins in the request for approval of the settlement on behalf of Defendants, Defendants take no position as to Plaintiff's counsel's request for approval of fees from the settlement.

My hourly time expended by my firm equals $8,998.50. This includes my time 25.71 hours billed at a rate of $350 per hour, and excludes all paralegal work. Accordingly, the $3,000.00 fee is less than the Lodestar rate and is well within the permitted range of counsel fees in FLSA cases.

4. **Release is narrowly tailored.** Pursuant to Cheeks, the release of claims is narrowly tailored to only release the Plaintiffs' FLSA claims.

5. **Risks of litigation.** Plaintiffs wish to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to the Plaintiffs because of the fact-intensive nature of proving liability under the FLSA. Such risk is unnecessary given that Plaintiffs are receiving a significant recovery of alleged wages owed while eliminating the risks and burdens of litigation and a trial.

6. **Negotiation at arm's length.** This settlement was reached at arm's length through substantial negotiations by the parties through their respective counsel. The parties were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and information and an open sharing of facts. The parties negotiated vigorously and were able to reach an agreement in which the Plaintiffs would receive a significant amount of back wages allegedly owed and eliminating the burdens and costs of trial.

For the foregoing reasons, Plaintiffs and Defendants believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation. In light of the above, Plaintiffs and Defendants respectfully request that this Court approve the Parties' Agreement.

We sincerely thank the Court for its time and consideration in this matter.

Respectfully submitted,

_/s/Jordan El-Hag_____

Jordan El-Hag, Esq.
Counsel for Plaintiffs


_/s/Nils C. Shillito_____
Nils C. Shillito
Stephen D. Hans & Associates, P.C.
Counsel for the Defendants

3